# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS MONROE BOYD,**

    **Plaintiff,**

    v.                                                            Case No. 15-cv-978

**YOLANDA TIENSTRA, DAVID WESTRICK,**
**JUDGE BRIAN PFITZINGER, and**
**DANIEL STIEMSMA,**

    **Defendants.**

## ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. §1983, alleging that his civil rights were violated during his criminal trial.[1] On September 18, 2015, pursuant to 28 U.S.C. §1915A, I screened plaintiff's complaint. I found that Heck v. Humphrey, 512 U.S. 477, 487 (1994), required that plaintiff's complaint be dismissed because resolution in his favor of claims regarding double jeopardy and due process violations at his trial would necessarily imply the invalidity of his conviction. (Docket #7). Plaintiff has filed a motion for reconsideration of that decision and provided additional information in support of his claims.

"[Federal] Rule [of Civil Procedure] 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). "A 'manifest error' is

---

[1] Plaintiff had two trials: The first ended in a mistrial; the second ended in his conviction.

not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Similarly, Fed, R. Civ. Pro. 60 authorizes a court to relieve a party from a final judgment, in relevant part, because of "mistake, inadvertence, surprise, or excusable neglect."

Plaintiff first argues in his motion that I failed to address his allegations against David Westrick, the attorney who represented him at his first trial. Plaintiff alleges that, after previously excluded evidence was presented to the jury by the prosecutor, his attorney should have moved for a dismissal of all claims. According to plaintiff, Westrick's failure to do so exposed plaintiff to the threat of double jeopardy. As I indicated in my September 18 order, claims of double jeopardy, if resolved in plaintiff's favor, would necessarily invalidate plaintiff's conviction. As such, the Supreme Court has instructed that ". . . a complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Further, to the extent plaintiff is clarifying that he seeks to state a claim against Westrick for ineffective assistance counsel, he may not state such a claim. The Supreme Court has noted that, with regard to a §1983 claim, "a public defender does not act under color of state law when performing a lawyer's traditional functions a counsel to a defendant in a criminal proceeding." Polk County v. Dodsen, 454 U.S. 312, 325 (1981). Plaintiff cannot state a §1983 claim against a public defender for alleged ineffective assistance of counsel.

Next, plaintiff argues that he stated claims against Yolanda Tienstra (the prosecutor) and Daniel Stiemsma (the detective) based on his allegations that they violated his due process rights when Tienstra presented previously excluded evidence to the jury. In my

2

September 18 order, I concluded that "a federal lawsuit is not the appropriate forum for plaintiff to resolve his claims that . . . his due process rights were violated during his criminal trial because resolution of those claims in his favor would necessarily imply the invalidity of his conviction." (Docket #7 at 3).[2] Heck aside, the allegations directed at Tienstra relate to the performance of prosecutorial actions, so she is absolutely immune from suit. See Imbler v. Pachtman, 424 U.S. 409, 424-28 (1976). And, given that the decision of what evidence to present to the jury is left solely to the prosecuting attorney's discretion, Stiemsma (the detective) lacked the requisite personal involvement for §1983 liability. See Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009) (Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's."). Thus, plaintiff fails to state claims against either of those defendants.

Finally, plaintiff argues that he states a claim against Judge Pfitzinger based on his failure to dismiss the claims against plaintiff (rather than granting a mistrial) and based on his decision to shackle plaintiff throughout his trial. It is unclear to me from plaintiff's complaint and motion whether he was shackled during his first, second, or both trials, but it doesn't matter. Because the allegations directed at Judge Pfitzinger relate to the performance of judicial actions, Judge Pfitzinger is absolutely immune from suit. See Stump v. Sparkman, 435 U.S. 349, 357 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

---

[2] Plaintiff implied in his complaint that Tienstra presented this evidence at both trials ("The evidence presented at the second trial was exactly the same as the evidence presented at the first trial" (Docket #1 at 4)); however, plaintiff's motion for reconsideration clarifies that he is challenging alleged due process violations during his first trial only.

3

authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (citations omitted). Plaintiff's allegations fail to state a claim.

In short, plaintiff has not identified any manifest error of law or fact necessitating that I reconsider my September 18 order dismissing his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge